**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Home Loan Mortgage Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Anthony Joseph Kuc, Jr., et al.,<br><br>    Defendants. | No. CV-10-8162-PCT-DGC<br><br>**ORDER** |

On April 21, 2010, Plaintiff Federal Home Loan Mortgage Corporation filed a forcible detainer action against Defendant Tony Kuc and several John Doe Defendants in Mohave County Superior Court. Doc. 1-3 at 1-3. Kevin Chamberlain filed an answer as a real party in interest. Doc. 1-3 at 88-89. Chamberlain then filed a motion to dismiss (Doc. 1-4 at 15-16) and a motion for summary judgment (Doc. 1-4 at 17-21). Defendant Kuc filed a counterclaim against Plaintiff and multiple Counterdefendants in which he demanded to inspect the original mortgage note. Doc. 1-4 at 88-93. On July 26, 2010, Mohave County Superior Court dismissed Kuc's counterclaim and struck the motion for summary judgment filed by Chamberlain. Doc. 1-3 at 82-83. On August 9, 2010, the court entered judgment for Plaintiff. Doc. 1-3 at 85-87.

On August 30, 2010, Kevin Chamberlain removed the case to this Court on the basis of diversity jurisdiction. Doc. 1. He has filed a motion for leave to proceed in forma pauperis (Doc. 5) and a motion to void the judgment of Mohave County court (Doc. 6).

Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). Courts strictly construe the statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In an action involving diversity jurisdiction, removal is proper "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); *see* 28 U.S.C. § 1332(a)(1). Chamberlain has not identified the citizenship of Defendants in his pleadings, but it appears that Kuc and Chamberlain are both citizens of Arizona – the State where the action was brought. *See* Doc. 6 at 1 (listing Chamberlain's address as 3219 Yavapai Street in Kingman, Arizona); Doc 1-4 at 47 (listing Kuc's address as 5804 Kingman Reef Lane in Kingman, Arizona). As a result, removal on the basis of diversity jurisdiction was improper. 28 U.S.C. § 1441(b).

Nor does the Court have federal question jurisdiction. The state court dismissed Kuc's counterclaim and entered judgment for Plaintiff on the forcible detainer action. Doc. 1-3 at 1-3; Doc. 1-3 at 85-87. Because Kuc's counterclaim was dismissed, it cannot provide the basis for subject matter jurisdiction, and Plaintiff's forcible detainer action does not arise under federal law. *See* Doc. 1-3 at 1-3. Plaintiff sought immediate possession of the property under Arizona law. *See* A.R.S. § 12-1173.01. "By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States[.]" *Gully v. First National Bank*, 299 U.S. 109, 116 (1936).

Because removal based on diversity jurisdiction was improper, and the Court lacks federal question jurisdiction, this case will be remanded. The Court will not rule on other pending motions.

**IT IS ORDERED** that this action is remanded to Mohave County Superior Court.

DATED this 7th day of September, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge